IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ELTON D. HARPER,**

    **Plaintiff,**

**v.**                  **CIVIL ACTION NO. 1:10CV32**
                                **(Judge Keeley)**

**CORRECTIONAL OFFICER**
**R.D. MALONE,**

    **Defendant.**

**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION (DKT. 48),
DENYING PLAINTIFF'S MOTION FOR AUDIO-VISUAL SPECIALIST (DKT. 42),
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 29), AND
DISMISSING CASE WITH PREJUDICE**

The pro se plaintiff, Elton D. Harper ("Harper"), an inmate in the custody of the Bureau of Prisons ("BOP"), filed this Bivens action against BOP correctional officer R. D. Malone ("Malone"), alleging excessive force. The Magistrate Judge reviewed video footage submitted by Malone and concluded that Malone used no force, let alone excessive force, against Harper. After a de novo review of the evidence and Harper's arguments, the Court agrees that his claim is entirely meritless, and thus dismisses this action.

**I. FACTUAL BACKGROUND**

Briefly, the incident in question involves Malone speaking to Harper, who, at the time, was locked inside his cell with an arm extending through the slot used to pass food trays and other items into and out of the cell. Harper alleges that this conversation was a heated argument, and that Malone forcefully jerked his arm and wrist, causing injury. Malone filed a motion to dismiss or for

summary judgment, stating that no such struggle occurred and that he used no force. The surveillance video footage submitted by Malone supports his version of the incident. Moreover, it unequivocally shows that, although Malone may have made contact with Harper's arm, he did not do so forcefully, much less jerk or yank as Harper alleges.

## II. ANALYSIS

No reasonable fact-finder could conclude that Malone used excessive force against Harper. Harper's request for an audio-visual specialist to review the footage is unfounded, for any lay observer could confidently conclude that Harper's version of events is simply unsubstantiated. An excessive force claim under the Eighth Amendment fails unless the force used is more than de minimis. Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (Feb. 22, 2010). Even when the evidence is viewed in the light most favorable to Harper, Malone may have gently moved the prisoner's arm while it was extending through the food slot. Such a touch simply cannot sustain any conclusion that the force used, if any, is more than de minimis.

## CONCLUSION

Accordingly, the Court **ADOPTS** the Amended Report and Recommendation in full (dkt. 48), **DENIES** Harper's motion for an

audio-visual specialist (dkt. 42), **GRANTS** Malone's motion for summary judgment (dkt. 29), and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court **DIRECTS** the Clerk prepare to a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro se</u> plaintiff via certified mail, return receipt requested.

DATED: February 25, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE